Weyoandt, C. J.
 

 Was the Court of Appeals in error in sustaining the respondents’ contention that the re
 
 *43
 
 lator’s claim is barred by Section 11227, General Code, providing that certain actions shall be brought within ten years?
 

 The relator contends that this provision is inapplicable for three reasons.
 

 First, he insists that it is made so by the terms of related Section 11236, General Code, which reads in part as follows:
 

 ‘‘ The provisions of this chapter, respecting lapse of time as a bar to suit, shall not apply in the case of a continuing and subsisting trust * *
 

 This at once presents the question as to whether the relator’s claim involves a continuing and subsisting trust. The relator relies upon Section 19, Article I, of the Constitution of Ohio, which requires that, with certain exceptions, “where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; * * The relator’s view of this provision is that it creates an absolute guaranty of payment of money to the owner or his assignee when his private property is taken for public use. This absolute guaranty, he says, constitutes a continuing and subsisting trust. He insists that this right, being absolute, may be asserted by the owner or his assignee in any manner and at any time until payment is received, and that the General Assembly is without power to supplement the constitutional provision by the enactment of any regulation for the exercise of such right. However, it is fundamental that the Legislature may provide a specific and reasonable method and limitation for the exercise of a right conferred in general terms by the Constitution. In this instance a study of the constitutional and statutory language discloses no intention to create or to recognize an exceptional, absolute right or continuing and subsisting trust as to such compensation. This view is consistent with that announced by this court in the first paragraph of the syllabus in the
 
 *44
 
 somewhat similar case of
 
 Townsend
 
 v.
 
 Eichelberger,
 
 51 Ohio St., 213, 38 N. E., 207, which reads as follows:
 

 “The receipt of money by a sheriff in his capacity as sheriff, on a sale made upon an order in partition, and his duty on demand to pay it to the parties entitled, does not constitute him a trustee of a continuing and subsisting trust, within the meaning of Section 4974, Revised Statutes.”
 

 It should be observed that Section 4974, Revised Statutes, is now designated as Section 11236, General Code, upon which the relator relies.
 

 Likewise it should be noted that the relator makes no claim of fraud or concealment or even ignorance; nor does he complain that the ten-year period established by the provisions of Section 11227, General Code, is unreasonable.
 

 The relator’s second contention is that even if no continuing and subsisting trust was created and the limitation of Section 11227, General Code, is applicable, nevertheless his claim is not in fact barred, because the ten-year period did not commence to run until payment was subsequently demanded and refused in the year 1940 — concededly a delay of twelve years. In his brief the relator suggests that this inaction was due to the fact that the assignor is eccentric and makes few trips to the county seat five miles distant. However that may be, this court is limited to a consideration of the allegations of fact appearing in the petition to which a demurrer was filed.
 

 In urging the necessity for demand and refusal of payment the relator relies upon one paragraph of Section 286, General Code, which provides that public money received under color of office by a public official shall be paid into the treasury and “be retained until claimed by the lawful owner.” However, it is necessary to examine the entire paragraph which reads as follows:
 

 “The term ‘public money’ as used herein shall in-
 
 *45
 
 elude all money received or collected under color of office, whether in accordance with or under authority of any law, ordinance or order, or otherwise, and all public officials, shall be liable therefor. All money received under color of office and not otherwise paid out according to law, shall be due to the political subdivision or taxing district with which the officer is connected and shall be by him paid into the treasury thereof to the credit of a trust fund, there to be retained until claimed by the lawful owner; if not claimed within a period of five years after having been so credited to said special trust fund, such money shall revert to the general fund of the political subdivision where collected.”
 

 It is immediately observed that such money is not to be held indefinitely until claimed. If not claimed within a period of five years it shall revert from the special trust fund to the general fund of the political subdivision. This would seem to refute the relator’s contention that a demand and refusal are necessary before the statute of limitation can begin to run. However, the relator insists that the word “revert” is not employed in the statute in its ordinary acceptation but that this provision is simply a bookkeeping requirement to the effect that such money shall be merely
 
 transferred.
 
 The difficulty with this theory is that a careful study of the context discloses nothing tending to indicate inaccuracy of expression on the part of the General Assembly; nor can it be assumed that this provision was incorporated in the statute without purpose. Surely it was not intended to require the treasurer to perform a wholly vain act by placing in its own general fund money the county under no circumstances could use. Again this view is in harmony with that announced by this court in the second paragraph of the. syllabus in the case of
 
 Townsend
 
 v.
 
 Eichelberger, supra,
 
 in which it was held that in the absence of fraud or concealment on the part of a public official the stat
 
 *46
 
 ute of limitation begins to run from the time it was his duty on demand to pay such money to the party entitled to it.
 

 The third contention of the relator is that under the theory of equitable conversion the money paid into the Court of Probate in an appropriation proceeding, is merely substituted for the land itself and must be treated as realty in determining the rights of any claimant thereto. Hence he urges that only the twenty-one-year statute of limitation could apply. He places reliance upon Section 11075, General Code, which provides in part that “the conflicting claims of parties to such fund shall be determined by the court * * * as if the land had not been converted into money.” However, by its very terms this provision is limited in its application to those who would have conflicting claims to the land if it had not been converted into money. Patently the present controversy involves no conflicting claims to the land. In the relator’s petition it is alleged that in the appropriation proceeding his assignor was adjudged to be the owner of the property and as such was awarded the sum of $3,000 consisting of $1,500 for the value of the land taken and $1,500 for damage to the remainder of the tract. The demurrer of the- respondents concedes the truth of these allegations, and they assert no interest in the land. The present controversy relates solely to the money that came into the hands of the respondent county treasurer by virtue of his statutory duty alone.
 

 For thé foregoing reasons this court is of the opinion that the judgment of the Court of Appeals sustaining the respondents’ demurrer to the relator’s petition is correct and must be affirmed.
 

 Judgment affirmed.
 

 Turner, Matthias and Zimmerman, JJ., concur.
 

 Williams, Hart and Bettman, JJ., dissent.